Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| NITZA M. APONTE RAMOS, CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Parte Recurrida<br><br>v.<br><br>HUMACAO MAINTENANCE & ROOFING SERVICE, INC., ASOCIACIÓN DE GARANTÍA DE SEGUROS MISCELÁNEOS DE PUERTO RICO, DEMANDADO DESCONOCIDO A Y OTROS<br><br>Parte Peticionada | TA2026CE00363 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Río Grande<br><br>Caso Núm.: RG2023CV00423<br><br>Sala: 302<br><br>Sobre: Subrogación de CFSE |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de abril de 2026.

Comparece ante *nos* Humacao Maintenance & Roofing Service, Inc., (peticionaria) y nos solicita que revisemos una *Resolución Interlocutoria* emitida el 3 de diciembre de 2024 y notificada el 4 de diciembre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Río Grande. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación* que presentó la parte peticionaria.

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari*.

**I.**

Surge del expediente ante *nos* que, el 22 de agosto de 2023, Nitza M. Aponte Ramos (Aponte Ramos) y la Corporación del Fondo del Seguro del Estado (CFSE) (en conjunto, recurridos), presentaron una *Demanda de Subrogación* en contra de la parte peticionaria. A grandes rasgos, alegaron que Aponte Ramos resultó afectada por emanaciones producto de un trabajo de sellado de techos que realizó la parte peticionaria en un Centro Head Start en el pueblo de Río Grande. Esgrimieron que, la CFSE mantuvo bajo tratamiento a Aponte Ramos e invirtió en su tratamiento médico $9,209.56. Así pues, como consecuencia de los daños sufridos, Aponte Ramos solicitó una compensación de $300,000.00 y la CFSE solicitó el pago del tratamiento brindado a Aponte Ramos.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 5 de febrero de 2024, la Asociación de Garantía de Seguros Misceláneos presentó una *Moción en Solicitud de Sentencia Sumaria.* En ajustada síntesis, afirmó que Integrand Assurance Co. (Integrand), no había expedido una póliza de seguro a favor de la parte peticionaria y que no se había cumplido con presentar el correspondiente formulario ante el Comisionado de Seguros de Puerto Rico, según lo requería la Orden de Liquidación del 23 de septiembre de 2019.

El 16 de febrero de 2024, la parte peticionaria presentó una *Contestación a la Demanda.* Más adelante, el 5 de marzo de 2024, el peticionario presentó una *Oposición a Sentencia Sumaria.* Arguyó que existía controversia en cuanto a la vigencia de la póliza, por lo que, la única forma de resolver la misma era mediante el descubrimiento de prueba. Asimismo, el 6 de marzo de 2024, Aponte Ramos presentó su *Oposición a Solicitud de Sentencia Sumaria [...].* El 7 de marzo de 2024, la CFSE presentó su *Oposición a Moción de Sentencia Sumaria.* En vista de ello, el 23 de abril de 2024, el TPI

emitió una *Sentencia Parcial* mediante la cual declaró *Ha Lugar* la solicitud de sentencia sumaria y desestimó la demanda en cuanto a la Asociación de Garantía de Seguros Misceláneos.

El 24 de mayo de 2024, la parte peticionaria presentó una *Moción de Desestimación.* Planteó que procedía la desestimación de la demanda, pues estaba protegido contra demandas por serle de aplicación la Orden de Liquidación del 23 de septiembre de 2019 que se presentó en el caso SJ2019CV05526. Sostuvo que la *Demanda de Subrogación* se presentó con posterioridad a la fecha de la Orden de Liquidación, que disponía el término de noventa (90) días para que se presentara cualquier reclamación en contra de Integrand, quien es su aseguradora.

El 2 de diciembre de 2024, Aponte Ramos presentó una *Oposición a que se Desestime la Demanda [...].* Manifestó que, la parte peticionaria no estaba asegurada por Integrand a la fecha en que ocurrieron los hechos y así lo ha certificado la Asociación de Garantía de Seguros Misceláneos. Indicó, además, que el peticionario no cumplió con presentar a tiempo el formulario mandatorio para que entrara en vigor el Capítulo 38 y 40 del Código de Seguros, ni la Orden de Liquidación del 23 de septiembre de 2019.

Subsiguientemente, el 3 de diciembre de 2024, el foro primario emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación. Asimismo, el TPI razonó que no se había probado la existencia de una relación Asegurado-Asegurador con Integrand. Oportunamente, el 19 de diciembre de 2024, la parte peticionaria presentó una *Moción de Reconsideración.*

Así las cosas, el 2 de enero de 2025, sin que el foro primario hubiera atendido la solicitud de reconsideración, la parte peticionaria compareció ante este Tribunal mediante el recurso de

*certiorari* número KLCE202500001. Entretanto, el 14 de enero de 2025, el TPI emitió una *Orden* mediante la cual declaró académica la solicitud de reconsideración por haberse presentado el recurso de *certiorari* ante un panel hermano de este Tribunal. El 23 de enero de 2025, este Tribunal emitió una *Resolución* desestimando el recurso de *certiorari* por prematuro. Ese mismo día, la parte peticionaria presentó una *Moción para que se Atienda la Moción de Reconsideración.*

El 4 de noviembre de 2025, el foro primario emitió una *Orden* mediante la cual ordenó a las partes, entre otras cosas, a dar cumplimiento a la Regla 37.1 de Procedimiento Civil. Posteriormente, el 1 de diciembre de 2025, el peticionario presentó una *Moción en Solicitud de Orden* mediante la cual solicitó que se atendiese la solicitud de reconsideración. Así, el 1 de febrero de 2026, la parte peticionaria presentó una segunda *Moción para que se Atienda Moción de Reconsideración.* Ante ello, el 26 de febrero de 2026, la parte recurrida presentó una *Moción en Cumplimiento de Orden y Oposición a Moción de Reconsideración.* En igual fecha, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Insatisfecho, el 25 de marzo de 2026, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión del siguiente error:

> ERRÓ EL HON. TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE NO EXISTÍA UNA RELACIÓN ASEGURADO-ASEGURADOR ENTRE HUMACAO ROOFING E INTEGRAND ASSURANCE CO. SIENDO QUE SE PRESENTÓ ANTE EL TRIBUNAL DE PRIMERA INSTANCIA PRUEBA ROBUSTA Y CONVINCENTE QUE ASÍ DEMOSTRABA DICHA RELACIÓN.

Examinado el recurso ante nuestra consideración, el 27 de marzo de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para

mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 6 de abril de 2026, la CFSE presentó una *Oposición a Recurso de Certiorari*. Ese mismo día, Aponte Ramos presentó una *Solicitud de Desestimación por Falta de Jurisdicción y Oposición a Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.** ***Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra*. Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*.

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). En

lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### B. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 5ta ed., San Juan, LexisNexis

de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Torres, Torres v. Torres et al.,* 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Depto. de la Vivienda,* 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al., supra,* pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823 (2024). Véase, además, *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R., supra,* pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 429.

**III.**

Como único señalamiento de error, la parte peticionaria aduce que erró el TPI al resolver que no existía una relación Asegurado-Asegurador con Integrand, aun cuando se presentó ante el foro primario prueba robusta y convincente que así demostraba dicha relación.

Por su parte, la CFSE expresó que la Asociación de Garantía de Seguros Misceláneos presentó una carta firmada por la

Liquidadora Auxiliar y dirigida a la parte peticionaria, mediante la cual indicó que no surge póliza de la parte peticionaria ante Integrand; por lo cual, denegó la defensa y cubierta y lo instruyó a contratar representación legal. Arguyó que, una vez salió la Asociación de Garantía de Seguros Misceláneos del pleito, la parte peticionaria trae la misma evidencia para alegar que la parte recurrida está impedida de presentar la acción en su contra. Añadió que, la parte peticionaria tendrá su día en corte para presentar la evidencia a los fines de ser favorecido por el foro primario.

De otro lado, Aponte Ramos sostiene, en primer lugar, que procede la desestimación del recurso por falta de jurisdicción. Señaló que, el 14 de enero de 2025, el TPI resolvió la solicitud de reconsideración al declararla académica tras haberse presentado el primer recurso de *certiorari*. Esbozó que, el peticionario se cruzó de brazos y no atendió esa determinación, por lo cual, el 13 de febrero de 2025, la misma advino final y firme.

Además, aseveró que desde la presentación de la oposición a sentencia sumaria hasta la presentación del recurso que nos ocupa, la prueba que el peticionario ha aportado para sostener que es asegurado de Integrand es la misma. Mencionó que, es irrelevante y dejó de ser pertinente si la parte peticionaria estaba o no asegurado, pues no existe un estatuto que impida a un demandante reclamar a quien entiende le causó daños mediando culpa o negligencia.

La Regla 52.1 de Procedimiento Civil, *supra*, nos faculta para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo es la denegatoria de una moción de desestimación. No obstante, es importante hacer notar que la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. Es por esto que, la mencionada Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que

debemos considerar al momento de ejercer nuestra facultad discrecional.

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria, así como la *Resolución Interlocutoria* recurrida, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones